**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| GERALD GEORGE, CATHY DUNN, JEANETTE BURGHY, TIMOTHY STREFF, and ANDREW SWANSON, individually and as representatives of a class of similarly situated persons,<br><br>        Plaintiffs,<br><br>v.<br><br>KRAFT FOODS GLOBAL, INC., KRAFT FOODS GLOBAL INC. ADMINISTRATIVE COMMITTEE, BENEFITS INVESTMENT COMMITTEE, and JIM DOLLIVE, KAREN MAY, MARC FIRESTONE, and PAMELA KING, all in their capacities as members of the Benefits Investment Committee,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 06-798-DRH<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO TRANSFER VENUE**

Defendants, KRAFT FOODS GLOBAL, INC., KRAFT FOODS GLOBAL, INC.

ADMINISTRATIVE COMMITTEE, BENEFITS INVESTMENT COMMITTEE, JIM

DOLLIVE, KAREN MAY, MARC FIRESTONE and PAMELA KING, by and through their

undersigned attorneys and pursuant to 28 U.S.C. § 1404(a), hereby submit this memorandum of

law in support of their motion to transfer venue.

**INTRODUCTION**

This putative class action (commenced on October 16, 2006) alleges certain breaches of

fiduciary duty under the Employee Retirement Income Security Act of 1974 ("ERISA") related

to the administration of the Kraft Foods Global, Inc. Thrift Plan (the "Plan"). It would serve the

convenience of the parties and the witnesses as well as the interests of justice for this Court to

transfer venue of this action to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a)

because of that district's overwhelming contacts with this case:

- The overwhelming majority of the likely witnesses regarding the administration of the Plan reside within the Northern District of Illinois.

- All defendants are located in the Northern District of Illinois.

- Only one of the named plaintiffs resides within the Southern District of Illinois.

- Of the Plan's 42,018 participants, 5,811 reside within the Northern District of Illinois - more than in any other district or state. In contrast, only 448 participants reside within the Southern District of Illinois.

- The Plan is administered in Northfield, Illinois and the records relating to the Plan administration and the retention and payment of service providers are maintained in the Northern District of Illinois. Investment information and investment fee related information, to the extent not maintained in the Northern District of Illinois, is maintained in New York City (or at an off-site facility in New Jersey).

The Northern District is the district in which the alleged breaches of fiduciary duty took place,

the Plan is administered, where the bulk of the witnesses to plaintiffs' claims reside and where

the bulk of the records relating to the fees, expenses, and disclosures which plaintiffs challenge

are located. The only apparent connection between this forum and the claims asserted in this

case is that *one* of the five named plaintiffs in this purported class action resides in this district.

However, in a class action, even one arising under ERISA, the plaintiffs' choice of forum and the

location of a named plaintiffs are irrelevant as a matter of law under § 1404(a). The Court

should transfer this case to the district where the bulk of the witnesses and records can be found,

and where most of the events at issue took place – the Northern District of Illinois.

## PERTINENT FACTS

Named plaintiffs Gerald George, Cathy Dunn, Jeanette Burghy, Timothy Streff and

Andrew Swanson filed this action for breach of fiduciary duty on behalf of themselves and

similarly situated individuals pursuant to ERISA Sections 502(a)(2) & (3), 29 U.S.C.

§ 1132(a)(2) & (3).  Compl. ¶ 21.  Plaintiffs allege that the "fees and expenses paid by the Plan

and thus borne by Plan participants, were and are unreasonable and excessive; not incurred

solely for the benefit of the Plan and their participants; and undisclosed to participants."  Compl.

¶ 11.

Only named plaintiff Cathy Dunn resides in Marion, Illinois, which is located in this

district.  All other named plaintiffs reside outside this District.  Compl. ¶¶ 12; 14-16.[1]  Moreover,

Plaintiffs purport to sue on behalf of a class of Plan participants.  Compl. ¶ 24.  Of the Plan's

42,018 participants, approximately 5,811 reside within the Northern District of Illinois.  In

contrast, only 452 reside within the Southern District of Illinois.  Declaration of Eric Kaufmann

("Kaufmann Decl.") attached hereto as Exhibit A at ¶ 5; Declaration of Sam Schwartz

("Schwartz Decl.") attached hereto as Exhibit B at ¶ 5.

Kraft Foods Global, Inc. ("Kraft") is headquartered in Northfield, Illinois.  Compl. ¶ 17;

Declaration of Jill K. Youman at ¶ 3 ("Youman Decl.") attached hereto as Exhibit C.  Northfield,

Illinois is located in the Northern District of Illinois.

The Plan is administered in Northfield, Illinois.  *Id.* ¶ 4.  The Management Committee of

Employee Benefits ("MCEB") is the named Plan Administrator of the Plan.  *Id.* ¶ 1.  As Plan

Administrator, the MCEB's responsibilities include retaining and monitoring service providers,

communicating with Plan participants and beneficiaries regarding benefits, and preparing

required reports to the government.  *Id.* ¶ 4.

The MCEB has delegated its administrative authority to the Kraft Foods Global, Inc.

Administrative Committee ("Administrative Committee").  *Id.* ¶ 5.  The Administrative

---

[1] Plaintiff George resides in Rancho Cucamonga, California; Burghy resides in Madison, Wisconsin; Streff resides in Ahawnee, Kansas and Swanson resides in Columbia, Missouri. Compl. ¶¶ 12; 14-16.

Committee, in turn, has delegated the day to day administrative responsibilities to the Kraft Foods Benefits Department. *Id.* ¶ 5.

The current members of the MCEB are James P. Dollive, Patrick M. Feyten, Marc S. Firestone, Daniel S. Hegarty, Phillip A. Hodges, Pamela E. King and Karen J. May. Each of these individuals has an office in Northfield, Illinois and resides in the Northern District of Illinois. *Id.* ¶ 12. MCEB's records are maintained, if not at Kraft headquarters in Northfield, Illinois or offsite at Morton Grove, Illinois or Hanover Park, Illinois. *Id.* ¶ 4. Although the membership of the MCEB has changed over the years, all of the immediate past members of the MCEB reside in the Northern District. *Id.* ¶ 13.

The current members of the Administrative Committee are Gregory S. Buban, George T. Bonds, Gary J. Conte, Thomas G. Kirchner, Kathy J. McAlpine, Kathleen J.Mckenna, Bonita B. Paynter and Burton L. Reiter. *Id.* ¶ 14. Each of these individuals has an office and resides in within the Northern District of Illinois. *Id.* Immediate past members of the Administrative Committee include Joanne P. Armenio, Randall F. Castelluzzo and Kwame S. Salter. These individuals also reside within the Northern District of Illinois, and any records kept by the Administrative Committee or its members are kept in the Northern District of Illinois. *Id.* ¶ 14 and 15.

There are approximately eight employees of the Kraft Foods Benefits Department who support the administration of the Plan. All employees of the Kraft Foods Benefits Department are located at Kraft headquarters in Northfield and the records related to their work are, if not in Northfield, at an offsite facility in Morton Grove, Illinois or Hanover Park, Illinois. *Id.* ¶ 6.

With respect to the the investment of Plan assets, the Plan names the Benefits Investment Committee ("BIC") as the fiduciary with the authority and responsibility to appoint trustees,

4

custodians and investment managers to manage plan assets, review the manner in which benefit funds are invested, establish investment guidelines and other administrative matters of a financial nature. *Id.* ¶ 7. The BIC carries out these responsibilities at company headquarters in Northfield, Illinois and its records are kept, if not at Kraft headquarters at an offsite facility in Morton Grove, Illinois or Hanover Park, Illinois. *Id.* ¶ 7. All current members of the BIC reside within the Northern District of Illinois. *Id.* ¶ 10. All of the BIC immediate past members, except one, reside within the Northern District of Illinois. *Id.* ¶ 11.

The BIC has delegated certain of its functions including the authority to hire investment managers and trustees overseeing Plan investments, to the Benefits Investment Group of Altria Corporation Services Inc. (the "Benefits Investment Group"). The four employees of the Benefits Investment Group (including Mark Werner) who primarily serve the BIC work out of New York City, and all of that group's records relating to the Plan that are not offsite in New Jersey are located in New York City. Copies of many of these records also are kept in Northfield, Illinois or at Kraft's offsite location in Morton Grove, Illinois and Hanover Park, Illinois. *Id.* ¶ 8, 9.

Those records maintained by the defendants in this matter thus are all located either in the Northern District of Illinois, or for documents in the sole possession of the Benefits Investment Group, in New York or New Jersey. Plan documents, trust agreements, Administrative Committee and BIC Committee records, and Benefits Department records are all maintained within the Northern District of Illinois. *Id.* ¶ 9. Many Benefits Investment Group documents will be found both within the Northern District of Illinois and New York/New Jersey. Other Benefits Investment Group Documents will be found solely in New York/New Jersey. *Id.* ¶ 9.

The Plan's recordkeeper and one of its largest service providers, Hewitt Associates LLC, is headquartered in Lincolnshire, Illinois. *Id.* ¶ 17. The Plan's accountant, PWC, and its attorneys, Mayer Brown, also are located within the Northern District. *Id.* ¶ 20. Iron Mountain, Inc., the Plan's storage manager for various Plan documents kept offsite from the Northfield headquarters, maintains the offsite records at its facility in Morton Grove, Illinois and Hanover Park, Illinois. *Id.* ¶ 19. In fact, close to half of the Plan's service providers are located within the Northern District of Illinois: Hewitt Associates LLC; ABS Graphics; Graphic Partners; Graphix Products; Mayer, Brown, Rowe and Maw; Northern Trust Global Investment Services; PWC; Veritas Document Solutions and LexisNexis are all located within the Northern District of Illinois. *Id.* ¶¶ 17,20. Currently, the Plan does not do business on an on-going basis with any service provider located within the Southern District of Illinois. *Id.* ¶ 20.

**ARGUMENT**

**I.    THE LEGAL STANDARD FOR TRANSFER OF VENUE PURSUANT TO 28 U.S.C. § 1404(A) FOCUSES ON THE CONVENIENCE OF ALL PARTIES AND WITNESSES.**

28 U.S.C. § 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of Section 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964) (quotation marks omitted). According to the Supreme Court, § 1404(a) calls for the trial of cases "at the place called for in the particular case by the consideration of convenience and justice." *Id.*

Under Seventh Circuit case law, the transfer of a case to another District pursuant to 28 U.S.C. §1404(a) is appropriate if: "(1) venue is proper in both the transferee and transferor courts; (2) it is for the convenience of the parties or witnesses; and (3) it is in the interest of

6

justice." *Forcillo v. LeMond Fitness, Inc.*, 220 F.R.D. 550, 552 (S.D. Ill. 2004) (Reagan, J.) (citing *Coffey v. Van Dorn Iron Works*, 796 F. 2d 217, 219 (7th Cir. 1986)). The location of plaintiffs' counsel is not a consideration under Section 1404(a). *Sornberger v. First Midwest Bancorp, Inc.*, No. 02 C 246, 2002 WL 1182121 (N.D.Ill. June 4, 2002).

The first factor in the analysis requires little discussion and cannot reasonably be a subject of dispute. Venue is proper both in this District and the Northern District of Illinois. ERISA's venue provision provides that claims filed under the statute "may be brought in the District where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. §1132(e)(2). Kraft has facilities in both this District and the Northern District of Illinois. *See* Cmplt. ¶ 23, Youman, Decl. ¶ 3. Therefore, venue is proper in this District and the proposed transferee district. The other factors -- convenience of the parties and witnesses and the interest of justice -- mandate transfer of this case to the Northern District of Illinois.

## II.    THE CONVENIENCE OF THE PARTIES AND WITNESSES FAVORS A TRANSFER OF THIS ACTION TO THE NORTHERN DISTRICT OF ILLINOIS.

Without question, litigating this case in the Northern District would be more convenient for the witnesses and the parties. When assessing whether the convenience of the parties and witnesses weighs in favor of transferring the case, the Court must consider the following factors: "(1) the plaintiff's choice of forum, (2) the location of the parties and witnesses, (3) the ease of access to sources of proof, and (4) the situs of material events." *Coffey*, 796 F. 2d at 219.

### 1.    Plaintiffs' Choice of Forum Is Irrelevant Because They Bring a Purported Class Action.

When a court is determining whether to transfer a case to another district, the plaintiffs' choice of forum is normally accorded deference. In putative nationwide class action lawsuits, however, "plaintiff's home forum is irrelevant." *Nelson v. AIM Advisors,* No. 01-CV-0282-MJR,

7

2002 WL 442189 at *3 (S.D. Ill. Mar. 8, 2002) (Reagan, J.); *See also Eugene v. McDonald's Corp.*, No. 96-1469, 1996 U.S. Dist. LEXIS 10193 (N.D. Ill. July 18, 1996) ("the plaintiff purports to bring a nationwide class action, and thus we do not accord weight to his choice of forum because other members of the putative class might be inconvenienced by the selection"); *Blake Construction Co. v. Int'l Harvester,* 521 F. Supp. 1268, 1272 (N.D. Ill. 1981) ("Unlike the usual case, in which substantial weight is to be given to the plaintiff's choice of forum, little rests on the choice by a plaintiff representative of a nationwide class"). Here, plaintiffs' purported class comprises all 42,018 Plan participants who reside throughout all 50 states and elsewhere. Kauffman Decl. at ¶ 6. As such, plaintiffs' choice of forum is not entitled to deference.

Moreover, "deference to the plaintiff's choice of forum is not appropriate where the cause of action did not conclusively arise in the chosen forum." *St. Paul Fire and Marine Ins. Co. v. Brother Int'l Corp.*, No. 05C5484, 2006 U.S. Dist. LEXIS 39952 (N.D. Ill. 2006). The cause of action in this case did not arise in this District. The alleged breaches of fiduciary duty could only have taken place where the defendant fiduciaries are located and the Plan is administered -- the Northern District of Illinois.

Lastly, the fact that four out of the five named plaintiffs do not reside in this district militates in favor of transfer. Cmplt. ¶¶ 12-16. "The presumption of deference does not apply when the plaintiff does not reside in the chosen forum." *St. Paul Fire and Marine*, 2006 U.S. Dist. LEXIS 39952 at *5. Accordingly, the Court should not provide deference to plaintiffs' choice of forum.

2.      **The Location of The Witnesses and The Parties Strongly Supports Transfer To The Northern District of Illinois.**

       A.      **The Location of the Witnesses Favors Transfer.**

"[T]he convenience of the witnesses . . . is the most important factor in the transfer balance." *Forcillo*, 220 F.R.D. at 553. The Court should consider the number of witnesses located near or in the respective forums, as well as "the nature and quality of their testimony with respect to the issues." *Id.*

This case relates to the administration of the Plan and in particular the Plan's payment of service-provider fees. Key witnesses are those who have been involved in managing and administering the Plan during the relevant time period, namely, the members of the MCEB, the BIC, the Administrative Committee, the Benefits Investment Group and the Kraft Foods Benefits Department. Only the Benefits Investment Group (with approximately four employees within that group who primarily serve the BIC), is located outside the Northern District of Illinois, and they are located in New York. With the exception of Mr. Werner and Mr. Mowrer, all current and immediate past members of the MCEB, BIC, and Administrative Committee, as well as the Kraft Benefits Department and the persons who act as advisors to the BIC and MCEB reside within the Northern District of Illinois. This constitutes approximately 30 potential witnesses (including the named individual defendants) who reside and work within the Northern District of Illinois. Youman Decl. ¶¶ 6, 10-16. The Northern District of Illinois undoubtedly is a more convenient forum for the witnesses.[2]

---

[2] Plaintiffs may argue that the location of potential witnesses who are officers of Kraft is immaterial because these individuals purportedly cannot object to being forced to testify in this judicial district. This assertion is immaterial to the § 1404 analysis, however, because what matters under that statute is the "convenience" of these potential witnesses. Plaintiffs cannot seriously contend that it would not be more convenient for these witnesses to have this case litigated in Chicago, Illinois, where the courthouse is just a few miles from their office, than in this Court, hundreds of miles from their homes and work. *See* Mapquest directions from Three Lakes Drive, Northfield, Illinois to (Kraft headquarters) to 219 S. Dearborn St., Chicago, Illinois (the federal courthouse in Chicago) attached hereto as Exhibit D.

Moreover, besides current and former Kraft employees, it is important to note that plaintiffs or defendants may well seek discovery from the various third party service providers whose fees may be placed at issue by the complaint. The Plan does not engage the services of any of its service providers through offices located in the Southern District of Illinois. As noted, its major service provider, record-keeper Hewitt, and close to half of its service providers are located within the Northern District of Illinois. *Id.* ¶ 20. They too, would be better served by having this case in the Northern District of Illinois.

This action should also be transferred to the Northern District of Illinois because the integral witnesses are not subject to the compulsory process of this Court. *See* Fed. R. Civ. P. 45. The Supreme Court has stated: "Certainly to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on depositions, is to create a condition not satisfactory to court, jury or most litigants." *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 511 (1947). Former Kraft employees and other non-party witnesses who live in the Northern District would not be subject to the compulsory process of the Southern District. The inability of this Court to compel attendance of these witnesses at a trial, as compared to the ability of the Northern District to do so, weighs in favor of transfer.

In sum, the overwhelming majority of the witnesses are located in the Northern District of Illinois. The Northern District of Illinois would be more convenient to them than *any other district.* Therefore, it is indisputable that this factor (deemed "the most important" factor by courts in this circuit) overwhelmingly weighs in favor of transferring this case to the Northern District of Illinois.

## B.    The Location of the Parties Favors Transfer.

The location of the parties also militates in favor of transfer. Defendant Kraft has its principal place of business within the Northern District. The Defendants BIC and the Plan are

10

located within the Northern District.  The named individual defendants all reside within the

Northern District of Illinois.

Only one of the named plaintiffs resides within this District.  The other named plaintiffs

and the class of participants they seek to represent reside elsewhere throughout the country and

beyond.  Notably, however, more than *ten times* the number of putative class members reside in

the Northern District than the Southern District, and more participants reside in the Northern

District than in any other state.  Kaufman Decl. ¶¶ 5,6; Schwartz Decl. ¶ 5.[3]  If anything,

plaintiffs as a class will be better served by having the case transferred to the Northern District of

Illinois, where more of them live.  At worst, they certainly will be neither more nor less

inconvenienced.

Thus, this factor – the location of the parties – strongly militates in favor of transfer.

### 3.    Ease Of Access To Sources Of Proof Favors The Northern District.

Documents relating to the non-investment operations of the Plan such as plan documents,

retaining and monitoring service providers, maintaining minutes and records of the BIC and

administrative committee, communicating with Plan participants and beneficiaries regarding

benefits, preparing required reports to the government, and benefits department minutes are

located in Northfield, Illinois or are offsite in Hanover Park, Illinois or Morton Grove, Illinois.[4]

Youman's Decl. ¶¶ 6, 9.  Records relating to the Plan's investments and investment service

providers, correspondence with investment managers, analysis and research regarding

_____

[3] The state that comes closest to the Northern District of Illinois is Wisconsin, which is adjacent to the Northern District.  *See* Ex. C to Kaufman Decl.

[4] These are the very documents that Plaintiffs seek in their document requests.  See Plaintiffs' First Set of Requests for Production of Documents Directed to Defendant (attached hereto as Exhibit E).

investment options, and documents reflecting expenses paid by the Master Trust and the Plan are located in New York City/New Jersey and Northfield/Morton Grove/Hanover Park, although certain documents will be found solely in New York City/New Jersey. Youman's Decl. ¶ 9. In contrast, none of the key documents are located within this District. Further, those Plan records maintained by Hewitt are kept in the Northern District. *Id.* ¶ 17. Close to half of other service providers which might have relevant records are in the Northern District. *Id.* ¶ 20.

The ease of access to sources of proof supports transfer to the Northern District of Illinois.

### 4. **The Situs of Material Events Is Within The Northern District.**

The complaint alleges that defendants breached their fiduciary duties with respect to the Plan. The alleged breaches of fiduciary duty would have occurred in the Northern District of Illinois where the Plan are administered and the defendant fiduciaries of the Plan are located. No breaches are alleged to have occurred in the Southern District of Illinois. This factor thus favors transferring venue.

## III. THE INTERESTS OF JUSTICE FAVOR A TRANSFER OF THIS ACTION TO THE NORTHERN DISTRICT OF ILLINOIS.

A court considering a motion to transfer venue also assesses whether transfer will promote "the interest of justice." Factors traditionally considered in this analysis include "(a) the relation of the community to the occurrence at issue in the litigation and the desirability of resolving controversies in their locale; (b) the court's familiarity with applicable law; and (c) the congestion of the respective courts dockets and the prospect of earlier trial." *Nelson*, 2002 WL 442189 at *5; *Forcillo*, 220 F.R.D. at 554.

Certainly, with regard to the relation of the community to the occurrence at issue in the litigation, the Northern District of Illinois has a greater connection to this case than this District

because defendants are located in the Northern District, more plaintiffs are located in that District than in any other state, and the administration of the Plan and the alleged breaches of fiduciary duty occurred in the Northern District.

The remaining two factors in the public interest analysis are neutral:  First, this litigation concerns the application of federal law, specifically, ERISA, and thus, both courts are equally capable of interpreting and applying federal law; second, the median number of months from filing to disposition in the Northern District and this District are comparable. *See* Judicial Business of United States Courts 2005 Annual Report of the Director, Table C-5, www.uscourts.gov attached as Exhibit F (9.5 months in the Southern District of Illinois as compared to 6.9 months in the Northern District of Illinois). Thus, there would be no delay in disposition of the case as a result of transfer.

## CONCLUSION

Taking all factors into consideration, this case should be transferred to the Northern District of Illinois as an overwhelming number of witnesses, defendants, class plaintiffs and documents are located within that district and the interest of justice favors the transfer of this action. *See e.g., Nelson*, 2002 WL 442189 (case transferred because overwhelming number of witnesses and documents were located in transferee district and plaintiffs offered no reason why defendants should bear cost of transporting witnesses, documents, and counsel to transferor district); *Indianapolis Motor Speedway Corp. v. Polaris Industries, Inc.*, 2000 WL 777874 (S.D. Ind. June 15, 2000) (case transferred to district where defendant had its principal office where most of its business was transacted and where the documents and witnesses relating to the allegations were located); *Countryman et. al. v. Stein Roe & Farham et. al.*, 681 F. Supp. 479 (N.D. Ill. 1987) (case transferred because 15 of 17 parties resided in transferee district, including two institutional defendants and its employees headquartered in that district and because

overwhelming majority of party witnesses and significant nonparty witnesses located in transferee district).  This Court should enter an order transferring this case to the United States District Court for the Northern District of Illinois.

**DATED: December 8, 2006.**                Respectfully submitted,

KRAFT FOODS GLOBAL, INC., KRAFT
FOODS GLOBAL, INC. ADMINISTRATIVE
COMMITTEE, BENEFITS INVESTMENT
COMMITTEE, JIM DOLLIVE, KAREN MAY,
MARC FIRESTONE and PAMELA KING


By_____ *s/*Larry E. Hepler_____
                One of Their Attorneys


Ronald J. Kramer                            Larry E. Hepler, #01195603
Ian H. Morrison                             HEPLER, BROOM, MacDONALD,
SEYFARTH SHAW LLP                           HEBRANK, TRUE & NOCE, LLP
131 S. Dearborn Street, Suite 2400          103 W. Vandalia Street, Suite 300
Chicago, Illinois  60603                    Edwardsville, IL  62025-1935
(312) 460-5000 (telephone)                  (618) 656-0184 (telephone)
(312) 460-7000 (facsimile)                  (618) 656-1364 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2006, I electronically transmitted DEFENDANTS'
MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER
VENUE to the Clerk of Court using the ECF system for filing and transmittal of a Notice of
Electronic Filing to the following ECF registrants:

> Jerome J. Schlichter
> Elizabeth J. Hubertz
> 100 South Fourth Street
> Suite 900
> St. Louis, MO 63102
> jschlichter@uselaws.com
> ehubertz@uselaws.com

> _s/_Larry E. Hepler
> Larry E. Hepler