IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**GERALD GEORGE, et al., individually and
as representatives of a class of similarly situated
persons,**

    Plaintiffs,

v.

**KRAFT FOODS GLOBAL, INC., et al.,**

    Defendants.　　　　　　　　　　　　　　Case No. 06-cv-798-DRH

### MEMORANDUM & ORDER

**HERNDON, District Judge**:

This case, which is a putative class action for breach of fiduciary duty brought pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 ("ERISA"), specifically, ERISA § 502(a)(2) and (a)(3), 29 U.S.C. § 1132(a)(2) and (a)(3), is before the Court on four motions. Defendants Kraft Foods Global, Inc., Kraft Foods Global, Inc., Administrative Committee, Benefits Investment Committee, Jim Dollive, Karen May, Marc Firestone, and Pamela King, having moved for transfer of this case to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1404, also have moved for a stay of these proceedings pending resolution of Defendants' transfer motion (Doc. 24). Plaintiffs Gerald George, Cathy Dunn, Jeanette Burghy, Timothy Streff, and Andrew Swanson

in turn have moved for an enlargement of time until February 24, 2007, to respond to Defendants' motion for transfer so that Plaintiffs can conduct limited discovery with respect to the issue of transfer (Doc. 26).  Plaintiffs also have moved that the Court toll the time for responding to Defendants' transfer motion while Plaintiffs' motion for transfer-related discovery is pending (Doc. 29).  Finally, Defendants have moved for an enlargement of time to respond to Plaintiffs' motion for class certification until the timetable for Defendants' response to the class certification request has been fixed following a scheduling and discovery conference in this case pursuant to Local Rule 23.1 (Doc. 28).

Turning first to Defendants' motion for a stay of these proceedings pending resolution of their motion for transfer, the power to grant a stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." ***Walker v. Merck & Co.*, No. 05-CV-360-DRH, 2005 WL 1565839, at \*2 (S.D. Ill. June 22, 2005) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936))**.  The decision to grant a stay is committed to a court's discretion, ***see Brooks v. Merck & Co.*, 443 F. Supp. 2d 994, 997 (S.D. Ill. 2006); *Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842, 845 (S.D. Ill. 2006)**, though that discretion must be exercised consistently with principles of fairness and judicial economy**. See Walker, 2005 WL 1565839, at \*2 (citing *Board of Trs. of Teachers' Ret. Sys. of State of Ill. v. WorldCom, Inc.*, 244 F. Supp. 2d 900, 905-06 (N.D. Ill.**

**2002))**. Defendants offer no legitimate reason for these proceedings to come to a complete halt while the Court determines whether this action should be adjudicated in this District or in the Northern District of Illinois. Any discovery conducted while Defendants' transfer motion is sub judice will be useful in this case regardless of the forum in which the case ultimately proceeds. Similarly, there is no reason why motions filed in this Court during the pendency of Defendants' transfer motion should not be fully briefed in accordance with the Local Rules, even if those motions ultimately are decided in another court. Accordingly, Defendants' request for a stay will be denied.

Turning then to Plaintiffs' motion for an enlargement of time until February 24, 2007, to respond to Defendants' motion for transfer so that Plaintiffs can conduct limited discovery with respect to the propriety of transfer, this matter, like Defendants' request for a stay, is committed to the Court's discretion. ***See Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997) ("District courts enjoy extremely broad discretion in controlling discovery."); *Indianapolis Colts v. Mayor & City Council of Baltimore*, 775 F.2d 177, 183 (7th Cir. 1985) (quoting *United Presbyterian Church in the U.S.A. v. Reagan*, 738 F.2d 1375, 1382 (D.C. Cir. 1984)) (noting that trial judges have "wide discretion with respect to discovery matters"; moreover, "a trial court's 'discovery rulings are reversed only on a clear showing of abuse, and . . . it is unusual to find abuse of discretion in these matters.'"); *Eggleston v. Chicago***

*Journeymen Plumbers' Local Union No. 130, U.A.*, 657 F.2d 890, 902 (7th Cir. 1981) ("The district court has wide discretion within the rules to determine the manner and course of discovery."). The Court concludes that limited discovery will be helpful in making a fully-informed decision regarding transfer and therefore Plaintiffs' request will be granted. *See Worldwide Fin. LLP v. Kopko*, No. 1:03-CV-0428-DFH, 2004 WL 771219, at *1 (S.D. Ind. Mar. 18, 2004) (granting a motion for transfer following six months of discovery with respect to the transfer motion and a motion to dismiss for lack of personal jurisdiction); *PI, Inc. v. Valcour Imprinted Papers, Inc.*, 465 F. Supp. 1218, 1220 (S.D.N.Y. 1979) (denying a motion for transfer following limited discovery on the question of transfer). In view of the Court's decision to grant Plaintiffs an enlargement of time until February 24, 2007, to respond to Defendants' motion for transfer, Plaintiffs' request that the Court toll the time for their response to Defendants' transfer motion during the pendency of Plaintiffs' request for transfer-related discovery will be denied as moot.

Finally, the Court addresses Defendants' motion for an enlargement of time to respond to Plaintiffs' motion for class certification pending a scheduling and discovery conference in this case pursuant to Local Rule 23.1, which provides:

> (a) Mandatory Scheduling and Discovery Conference.  Proposed class actions pose complex scheduling and discovery issues which are not addressed by the standard "Joint Report of the Parties and Proposed Scheduling and Discovery Order."  Accordingly, an initial scheduling and discovery conference with counsel for all parties present is mandatory in all cases brought as proposed class actions.

> The purpose of the mandatory scheduling conference is for the Magistrate Judge to identify the length and scope of discovery necessary for the fair and expeditious determination of whether the case can proceed as a class action. Discovery prior to class certification must be sufficient to permit the court to determine whether the requirements of Federal Rule of Civil Procedure 23 are satisfied, including a preliminary inquiry into the merits of the case to ensure appropriate management of the case as a class action. However, in order to ensure that a class certification decision be issued as soon as practicable, priority shall be given to discovery on class issues.
> After the scheduling conference, the Magistrate Judge shall enter the appropriate scheduling and discovery order in light of these concerns. Either party may move to have a second scheduling and discovery order entered after resolution of the motion for class certification.
> (b) Joint Report.  Seven (7) days prior to the scheduling and discovery conference, the parties shall submit a Joint Report of the Parties and Proposed Scheduling and Discovery Order (Class Action) consistent with the model found in the Forms section of these Local Rules.  In the event the parties are unable to agree on a joint scheduling and discovery plan, the parties should each submit their Proposed Scheduling and Discovery Order and a memorandum in support of said order, addressing the issues in dispute seven (7) days prior to the scheduling and discovery conference.
> (c) Motion Practice.  The timetable for responding to a motion for class certification shall be established at the mandatory scheduling and discovery conference.

**S.D. Ill. Local R. 23.1**. As subsection (c) of Local Rule 23.1 makes clear, one of the central matters to be addressed at a scheduling and discovery conference under the rule is the timetable for responding to a request for class certification.  Although it is certainly within the Court's power to waive the Local Rules in appropriate instances, *see Carr v. Whittenburg*, **No. 3:01-cv-625-DGW, 2006 WL 1207286, at \*2 n.1 (S.D. Ill. Apr. 28, 2006)**, Plaintiffs offer no sound reason for the Court to do so in this case.  Therefore, the Court will grant Defendants' request that the time for their response to Plaintiffs' motion for class certification be enlarged until such

time as a scheduling and discovery conference under Rule 23.1 is conducted in this case and a timetable for responding to Plaintiffs' class certification motion is set by United States Magistrate Judge Philip M. Frazier, who has been assigned responsibility for non-dispositive pretrial matters in this case.

To conclude, Defendants' motion for a stay of these proceedings (Doc. 24) is **DENIED**.  Plaintiffs' motion for an enlargement of time until February 24, 2007, to respond to Defendants' motion for transfer so that Plaintiffs can conduct limited transfer-related discovery (Doc. 26) is **GRANTED**.  Plaintiffs' motion for the Court to toll the time for Plaintiffs' response to Defendants' motion for transfer of these proceedings while Plaintiffs' motion for transfer-related discovery is pending (Doc. 29) is **DENIED as moot**.  Defendants' motion for an enlargement of time to respond to Plaintiffs' motion for class certification until the timetable for responding to the class certification request has been fixed following a scheduling and discovery conference in this case pursuant to Local Rule 23.1 (Doc. 28) is **GRANTED**.

**IT IS SO ORDERED.**

Signed this 22nd  day of December, 2006 .

/s/     David   RHerndon
**United States District Judge**