**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**GERALD GEORGE, CATHY DUNN, JEANETTE BURGHY, TIMOTHY STREFF, and ANDREW SWANSON, individually and as representatives of a class of similarly situated persons,**

**Plaintiffs,**

**v.**

**KRAFT FOODS GLOBAL, INC., KRAFT FOODS GLOBAL, INC. ADMINISTRATIVE COMMITTEE, BENEFITS INVESTMENT COMMITTEE, and JIM DOLLIVE, KAREN MAY, MARC FIRESTONE, and PAMELA KING, all in their capacities as members of the BENEFITS INVESTMENT COMMITTEE,**

**Defendants.** **Case No. 06-cv-798-DRH**

## MEMORANDUM AND ORDER

This matter is before the Court on the motion to dismiss, motion to strike, or, in the alternative, motion for a more definite statement (Doc. 20) and the motion to transfer venue (Doc. 22) brought by Defendants Kraft Foods Global, Inc., Kraft Foods Global, Inc. Administrative Committee, Benefits Investment Committee, and Jim Dollive, Karen May, Marc Firestone, and Pamela King, in their capacities as members of the Benefits Investment Committee. For the following reasons Defendants' motion to dismiss, motion to strike, or, in the alternative, motion for a more definite statement is **DENIED**. Defendants' motion to transfer venue is **GRANTED** and, pursuant to 28 U.S.C. § 1404(a), this action is **TRANSFERRED** to the United States District Court for the Northern District of Illinois.

## Introduction

This case is a putative class action for breach of fiduciary duty brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. Plaintiffs Gerald George, Cathy Dunn, Jeanette Burghy, Timothy Streff, and Andrew Swanson allege that they are participants in the Kraft Foods Global Inc. Thrift Plan, Plan No. 125 ("the Plan"), that the Plan is an employee benefit plan, and that Defendant Kraft Foods Global, Inc., ("Kraft") is the sponsor of the Plan, all within the meaning of ERISA. *See* 29 U.S.C. § 1002(7), (2)(A), (3), (16)(B). Plaintiffs allege also that Kraft, as well as Defendants Kraft Foods Global, Inc. Administrative Committee, Benefits Investment Committee, Jim Dollive, Karen May, Marc Firestone, and Pamela King, are fiduciaries with respect to the Plan within the meaning of ERISA. *See* 29 U.S.C. § 1002(21)(A).

The Plan is a so-called "401(k) plan," *see Boeckman v. A.G. Edwards, Inc.*, 461 F. Supp. 2d 801, 803 n.1 (S.D. Ill. 2006), and it appears from the allegations of Plaintiffs' complaint that investment options under the Plan include employer securities.[1] Under ERISA a fiduciary of an employee benefit plan must carry out its responsibilities "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims." 29 U.S.C. § 1104(a)(1)(B). A fiduciary who fails to exercise the requisite prudence may be required to make good any plan losses resulting therefrom either to the plan or to participants in the plan. *See* 29 U.S.C. § 1109(a); *Id*. § 1132(a)(2), (a)(3). Plaintiffs allege that Defendants have

1. If so, then it appears that, although it is not specifically alleged in the complaint, the Plan is a so-called "eligible independent account plan." *See* 29 U.S.C. § 1104(a)(1)(C), (a)(2); *Id*. § 1107(d)(3)(A); *Lively v. Dynegy, Inc.*, No. 05-CV-00063-MJR, 2007 WL 685861, at *1 n.1 (S.D. Ill. Mar. 2, 2007).

breached their duty of prudence by failing to contain Plan costs and by permitting the Plan to pay unreasonable fees to service providers to the Plan for, inter alia, trustee, record-keeping, administration, investment advisory, investment management, brokerage, insurance, consulting, accounting, legal, printing, mailing, and other services. *See* Doc. 2 ¶ 54. For example, Plaintiffs allege that in 2004 the Plan paid Hewitt Associates $3,381,789 for record-keeping services, an amount Plaintiffs contend is unreasonable. *See id.* ¶ 57, ¶¶ 58-59. Plaintiffs assert that the allegedly excessive costs and fees paid by the Plan to service providers have been passed on to Plan participants.[2] Plaintiffs allege also that Defendants breached their duty of prudence by failing to minimize costs associated with investment in employer securities under the Plan, and by holding a portion of the Plan's assets in cash, which generates, of course, no investment return.[3]

Plaintiffs assert claims under ERISA § 502(a)(2) and (a)(3), 29 U.S.C. § 1132(a)(2) and (a)(3), and seek to represent a proposed class defined as,

> All persons, *excluding the Defendants, the Committees and their members and/or other individuals who are or may be liable for the conduct described in this Complaint,* who are or were participants or beneficiaries of the Plan and who are, were or may have been affected by the conduct set forth in this Complaint, as well

---

2. Some allegations of Plaintiffs' complaint seem also to suggest that the Plan payments to service providers at issue constitute so-called "prohibited transactions" with a party in interest in violation of ERISA. *See* 29 U.S.C. § 1002(14); *Id.* § 1106(a); *Id.* § 1108; 29 C.F.R. § 2550.408b-2; *Keach v. U.S. Trust Co.*, 419 F.3d 626, 635 (7th Cir. 2005); *Leigh v. Engle*, 727 F.2d 113, 123 (7th Cir. 1984); *Boeckman*, 461 F. Supp. 2d at 816-17. *See also* 26 U.S.C. § 4975(c), (d).

3. In addition to alleging breaches of the fiduciary duty of prudence under ERISA, Plaintiffs also seem to allege breaches of the fiduciary duty of loyalty by Defendants, specifically failures to communicate material facts to Plan participants. *See generally In re Enron Corp. Sec., Derivative & ERISA Litig.*, 284 F. Supp. 2d 511, 555-56 (S.D. Tex. 2003) (discussing a plan fiduciary's duty of loyalty under ERISA). *See also Lively*, 2007 WL 685861, at *16 (quoting *Peoria Union Stock Yards Co. Ret. Plan v. Penn Mut. Life Ins. Co.*, 698 F.2d 320, 326 (7th Cir. 1983)) (noting that "[l]ying is inconsistent with the duty of loyalty owed by all fiduciaries and codified in . . . 29 U.S.C. § 1104(a)(1).").

as those who will become participants or beneficiaries of the Plan in the future.

Doc. 2 ¶ 24 (emphasis in original). Plaintiffs have moved for certification of their claims as a class action under Rule 23(b)(1)(B), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure. Defendants in turn have moved to dismiss Plaintiffs' complaint, to strike specific paragraphs of the complaint, or for a more definite statement of Plaintiffs' claims. Defendants also have moved for transfer of this case to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1404. On December 22, 2002, the Court granted Plaintiffs' request for leave to conduct limited discovery for the purpose of preparing an adequate response to Defendants' request for transfer of this case. *See George v. Kraft Foods Global, Inc.*, No. 06-cv-798-DRH, 2006 WL 3842169, at **1-2, *3 (S.D. Ill. Dec. 22, 2006). As per the Court's order, Plaintiffs' filed their response to the transfer motion on or before February 24, 2007. Defendants' motion to dismiss, to strike, or for a more definite statement and Defendants' motion for transfer are ripe for decision, and the Court now is prepared to rule.

## Discussion

### A. Motion to Dismiss, to Strike, or for a More Definite Statement

Defendants have moved to dismiss Plaintiffs' claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which permits dismissal of a complaint, of course, when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Johnson v. Martin*, 943 F.2d 15, 16 (7th Cir. 1991) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Defendants request also that the Court strike paragraphs 1-9, 30, 39-53, 56, 60, 63-69, 79, 81-83, 97, and 109 of Plaintiffs' complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, which authorizes a court to strike matter from a pleading in rare

cases when "the allegations being challenged are so unrelated to plaintiff's claim as to be void of merit and unworthy of any consideration . . . and . . . the allegations are unduly prejudicial" in that the challenged matter "has the effect of confusing the issues or is so lengthy and complex that it places an undue burden on the responding party." *Robinson v. City of Harvey*, No. 99 C 3696, 1999 WL 617655, at *1 (N.D. Ill. Aug. 11, 1999). *See also Michael v. Caprice*, No. 99 C 2313, 1999 WL 529561, at *1 (N.D. Ill. July 20, 1999) ("Motions to strike are strongly disfavored."); *Western Publ'g Co. v. MindGames, Inc* ., 944 F. Supp. 754, 755 n.1 (E.D. Wis. 1996) ("Motions to strike are generally disfavored and information . . . will not be stricken unless it is evident that it has no bearing upon the subject matter of the litigation."). Finally, Defendants ask the Court to order Plaintiffs to furnish a more definite statement of their claims under Rule 12(e) of the Federal Rules of Civil Procedure, which authorizes such relief when a complaint belongs to the "small" class of pleadings that, though "sufficiently intelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed," nonetheless are "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Vician v. Wells Fargo Home Mortgage*, No. 2:05-CV-144, 2006 WL 694740, at *9 (N.D. Ind. Mar. 16, 2006). *See also Metso Paper, Inc. v. Enerquin Air Inc.*, No. 06-C-1170, 2007 WL 486635, at *5 (E.D. Wis. Feb. 12, 2007) (noting that "Rule 12(e) motions . . . are generally disfavored and are not intended as a substitute for the . . . normal discovery process."); *Parus v. Cator*, No. 05-C-0063-C, 2005 WL 1458770, at *3 (W.D. Wis. June 17, 2005) ("Rule 12(e) motions are rarely granted . . . ; indeed, . . . judges are admonished to exercise their discretion sparingly in ordering more definite statements.").

The chief ground for Defendants' motion is the supposed prolixity of Plaintiffs'

complaint, which, Defendants argue, violates the familiar requirement under Rule 8 of the Federal Rules of Civil Procedure that a pleading present "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (e)(1). Although the Court generally regards Rule 8 as a shield for pleaders rather than a sword for those pleaded against, it is true that in unusual cases an excessively lengthy complaint may be so confusing and disjointed as to warrant dismissal for failure to comply with Rule 8. *See, e.g., United States v. Lockheed-Martin Corp.*, 328 F.3d 374, 376-78 (7th Cir. 2003) (a complaint with 400 paragraphs covering 155 pages followed by ninety-nine attachments, replete with undefined acronyms and mysterious cross-references, was so confused that neither the court nor the adverse parties should be required to "try to fish a gold coin from a bucket of mud"); *Richee v. Velasco*, No. 02 C 7761, 2002 WL 31455982, at **1-2 (N.D. Ill. Nov. 1, 2002) (dismissing with leave to amend an 85-page handwritten pro se complaint consisting of 329 paragraphs); *Fernandez v. Supreme Ct. of Ill.*, No. 02 C 3402, 2002 WL 1008468, at *1 (N.D. Ill. May 17, 2002) (dismissing for failure to state a claim for relief an 81-page complaint that was "unnecessarily lengthy, redundant, and confusing, making it difficult to determine which alleged wrongdoings, if any, constitute the claimed violations of federal and state law"); *Dudley Enters., Inc. v. Palmer Corp.*, 822 F. Supp. 496, 499-500 (N.D. Ill. 1993) (dismissing a complaint under the Racketeer Influenced and Corrupt Organizations Act and state law that contained 111 allegations with extensive subparagraphs spread over 46 pages and was organized in a confusing, disjointed, and repetitive manner). *See also Gay v. Shannon*, No. CIV.A.02-4693, 2002 WL 31750212, at *2 (E.D. Pa. Dec. 6, 2002) (dismissing a rambling pro se complaint of over 100 pages in length with instructions to file an amended complaint of no more than 25 pages); *Peck v. Merletti*, 64 F.

Supp. 2d 599, 602 (E.D. Va. 1999) (dismissing a pro se complaint that contained "hundreds of pages" of "gibberish or nonsensical rambling").

It is obvious to the Court that this is not one of the unusual cases in which purported violations of Rule 8 warrant dismissal. Plaintiffs' complaint is a bit garrulous perhaps, but it is eminently possible for persons of reasonable intelligence to discern from a reading of the complaint the nature of Plaintiffs' claims, as the Court's short synopsis of those claims in the introductory portion of this Order demonstrates. Although, as noted, it is not entirely clear from the complaint whether Plaintiffs assert claims based on prohibited transactions and breach of the fiduciary duty of loyalty, Plaintiffs are not required, of course, to plead legal theories to pass muster under Rule 8. *See Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002) (quoting *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999)). The Court notes that sister courts have forgiven pleading sins far more egregious than those of Plaintiffs in this case. *See, e.g., Manuel v. Lucenti*, No. 04-C-2531, 2004 WL 2608355, at *2 (ND. Ill. Nov. 16, 2004) (denying a motion to strike 25 of the pro se plaintiff's 244 paragraphs even though the 25 paragraphs largely contained background material); *ReSource N.E. of Long Island, Inc. v. Town of Babylon*, 80 F. Supp. 2d 52, 57 (E.D.N.Y. 2000) (declining to dismiss a complaint that contained 49 pages and 215 paragraphs because, while "needlessly prolix and somewhat redundant," the complaint was "not so opaque as to defy understanding or prevent the Defendants from answering."); *Wolfson v. Lewis*, 168 F.R.D. 530, 533-34 (E.D. Pa. 1996) (a complaint of 108 pages, containing more than 600 paragraphs, was not subject to dismissal under Rule 8); *Government Guar. Fund v. Hyatt Corp.*, 166 F.R.D. 321, 324 (D.V.I. 1996) (a 98-page complaint, though "hardly a paragon of pithiness," was "quite comprehensible and provide[d] enough information to allow [the defendant] to frame a

responsive pleading," thus satisfying the requirements of Rule 8). *See also Sonnino v. University of Kan. Hosp. Auth.*, No. Civ.A. 02-2576-KHV, 2003 WL 1562551, at *2 (D. Kan. Mar. 24, 2003) (in evaluating the propriety of a complaint under Rule 8, "courts correctly focus on the quality and not exclusively on the tonnage of the complaint, *i.e.*, whether the complaint provides adequate notice of plaintiff's claims.").

Finally, as to Defendants' attack on the adequacy of paragraph 105 of Plaintiffs' complaint regarding "investment losses" caused by Defendants' alleged breaches of fiduciary duty, the challenged portion of the complaint deals with Defendants' ability to maintain a defense under ERISA § 404(c), 29 U.S.C. § 1104(c), which provides, in pertinent part,

> (1)(A) In the case of a pension plan which provides for individual accounts and permits a participant or beneficiary to exercise control over the assets in his account, if a participant or beneficiary exercises control over the assets in his account (as determined under regulations of the Secretary [of Labor]) –
>
> * * * *
>
> (ii) no person who is otherwise a fiduciary shall be liable under this part for any loss, or by reason of any breach, which results from such participant's or beneficiary's exercise of control[.]

29 U.S.C. § 1104(c).[4] A defense under ERISA § 404(c), 29 U.S.C. § 1104(c), is an affirmative defense. *See Pedraza v. Coca-Cola Co.*, 456 F. Supp. 2d 1262, 1269 n.11 (N.D. Ga. 2006); *Woods v. Southern Co.*, 396 F. Supp. 2d 1351, 1367 (N.D. Ga. 2005); *In re AEP ERISA Litig.*, 327 F. Supp. 2d 812, 829-30 (S.D. Ohio 2004). Accordingly, it is the burden of Defendants, not Plaintiffs, to plead and prove all matters pertaining to the defense. *See Carr v. O'Leary*, 167 F.3d 1124, 1126 (7th Cir. 1999); *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 235 (7th Cir. 1991);

---

4. The Plan is an "individual account plan" within the meaning of ERISA. *See Boeckman*, 461 F. Supp. 2d at 803 n.1.

*Ramada Franchise Sys., Inc. v. Royal Vale Hospitality of Cincinnati, Inc.*, No. 02 C 1941, 2004 WL 2966948, at *5 (N.D. Ill. Nov. 24, 2004); *In re Reliant Energy ERISA Litig.*, 336 F. Supp. 2d 646, 669 (S.D. Tex. 2004). It is unclear to the Court why Plaintiffs have chosen to plead such matters in their complaint, and the Court will simply disregard the allegation at issue. *See Lockheed-Martin Corp.*, 328 F.3d at 378 (quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)) ("Surplusage [in a complaint] can and should be ignored . . . . A district court is not authorized to dismiss a complaint merely because it contains . . . irrelevant matter[.]"). *See also Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) ("Fat in a complaint can be ignored[.]").

To conclude, the Court finds that Plaintiffs' complaint easily withstands scrutiny under Rule 12(b)(6). Assuming any unnecessary verbosity of the complaint, the allegations are sufficient to notify Defendants of the nature of the claims so as to permit Defendants to answer. *See Bennett*, 153 F.3d at 518 ("It takes a lot worse than using 12 pages to set out a claim that could have been stated in 6 pages to justify a dismissal[.]"). Similarly, the Court rejects Defendants' contention that paragraphs 1-9, 30, 39-53, 56, 60, 63-69, 79, 81-83, 97, and 109 of Plaintiffs' complaint have "no possible relation to the controversy and [are] clearly prejudicial" so as to merit being stricken from the complaint. *Mitchell v. Bendix Corp.*, 603 F. Supp. 920, 921 (N.D. Ind. 1985). Finally, Plaintiffs' complaint, which, the Court has found, states a claim for relief, is not so unintelligible that Defendants cannot frame an answer, thus warranting a more definite statement under Rule 12(e). *See* 5C Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1376 (3d ed. 1998 & Supp. 2007) (collecting cases). Defendants' motion to dismiss, to strike, or for a more definite statement will be denied.

**B. Motion to Transfer Venue**

Although the Court finds no merit in Defendants' motion to dismiss, to strike, or for a more definite statement, the Court concludes that Defendants' motion for transfer of this case to the United States District Court for the Northern District of Illinois is well taken. As Defendants point out, Kraft maintains its corporate headquarters in the Northern District of Illinois and the Plan is administered there. Even after conducting discovery with respect to transfer, Plaintiffs simply have not been able to show very much of a nexus between this District and this case, apart from the fact that one of the named Plaintiffs, Cathy Dunn, resides in this District and that Kraft operates a facility here. In particular, the Court is concerned about non-party witnesses who are not within the Court's subpoena power. As Defendants point out, none of the service providers to which Plaintiffs allege the Plan has paid excessive fees are located in this District, and many of those providers, including some of the largest, are located in the Northern District.

Motions to transfer venue are governed by 28 U.S.C. § 1404, which provides, in pertinent part, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A section 1404(a) transfer will be granted if the moving party establishes that: (1) venue is proper in the transferor district; (2) venue and jurisdiction are proper in the transferee district; and (3) the transfer will serve the convenience of the parties and the witnesses and will promote the interest of justice. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 & n.3 (7th Cir. 1986); *Dulaney v. United States*, No. CIV. 06-806-GPM, 2006 WL 4020082, at *1 (S.D. Ill. Dec. 20, 2006). The movant must establish that "the transferee forum is clearly more convenient" than the transferor forum in order to be granted a transfer under the statute. *Coffey*, 796 F.2d at 220. A district judge possesses significant latitude in "weighing of factors for and against

transfer." *Id*. at 219. *See also Dulaney*, 2006 WL 4020082, at *1 (citing *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989)) ("The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude and, therefore, is committed to the sound discretion of the trial court.").

In general, of course, a plaintiff's choice of forum is accorded deference, although the Court is not aware of any controlling authority in support of Plaintiffs' contention that an unusual degree of deference must be accorded to a plaintiff's chosen forum in an ERISA action. *See FDIC v. Citizens Bank & Trust Co.*, 592 F.2d 364, 368 (7th Cir. 1979) ("[T]he trial court must give some weight to the plaintiff's choice of forum."); *Chicago, Rock Island & Pac. R.R. Co. v. Igoe*, 220 F.2d 299, 302 (7th Cir. 1955) (a plaintiff's choice of forum should not be "lightly set aside"); *Waller v. Burlington N. R.R. Co.*, 650 F. Supp. 988, 990 (N.D. Ill. 1987) ("As a general rule, a plaintiff's choice of forum is entitled to substantial weight unless that forum lacks any significant contact with the underlying cause of action."); *Hotel Constructors, Inc. v. Seagrave Corp.*, 543 F. Supp. 1048, 1050 (N.D. Ill. 1982) ("In determining whether the movant has met this burden [of establishing grounds for a transfer of venue], the Court must consider the factors specifically mentioned in [28 U.S.C. §] 1404(a) [including] convenience of the parties, convenience of the witnesses and the interests of justice in general . . . while also giving weight to plaintiff's choice of forum."). As Defendants point out, sister courts in this Circuit have held that a plaintiff's choice of forum is entitled to no deference where, as here, an action is brought as a class action. *See, e.g., Boyd v. Snyder*, 44 F. Supp. 2d 966, 969 (N.D. Ill. 1999) (quoting *Georgouses v. NaTec Res., Inc.*, 963 F. Supp. 728, 730 (N.D. Ill. 1997)) ("When . . . plaintiff alleges a class action, plaintiff's home forum is irrelevant."). Other authorities suggest, however, that a plaintiff's choice of forum is

entitled to some deference, albeit reduced, even in the class-action context. *See Tice v. American Airlines, Inc.*, 162 F.3d 966, 974 (7th Cir. 1998) (noting that a district court "gave some weight (as it was entitled to do) to the plaintiffs' choice of forum" in ruling on a motion to transfer a putative class action); *Carbonara v. Olmos*, No. 93 C 2626, 1993 WL 473651, at *2 (N.D. Ill. Nov. 15, 1993) ("[T]he plaintiff's choice of forum is given less weight when the plaintiff is a non-resident of the chosen forum, when the plaintiff sues derivatively or as a class representative, and where the cause of action did not conclusively arise in the chosen forum."); *Genden v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 621 F. Supp. 780, 782 (N.D. Ill. 1985) ("Where, as here, the class is nationwide and has no unique local interest or contact with the transferring district, the deference usually accorded by courts to the plaintiff's choice of venue is less important."). Accordingly, the Court concludes that Plaintiffs' choice of forum is entitled to some deference.

In this instance it is not seriously disputed that venue and jurisdiction are proper both in this District and in the Northern District of Illinois, and the crux of the parties' dispute is whether transfer will serve the convenience of the parties and the witnesses and will promote the interest of justice. The Court agrees with Plaintiffs that the fact that a large portion of the Plan's records are situated outside this District is not a factor weighing heavily in favor of transfer. *See Photogen, Inc. v. Wolf*, No. 00 C 5841, 2001 WL 477226, at *5 (N.D. Ill. May 7, 2001) ("Documents and records are usually not a very persuasive reason to transfer a case . . . . They are easily transportable, and movant has made no showing that it cannot bring the necessary documents to this district."); *Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770, 775 (N.D. Ill. 1998) ("Defendants argue that the case should be transferred to New Jersey because the majority of documents relating to this cause of action are located there. Plaintiffs argue that the case should not be transferred because the findings

of the relevant audits are located in Illinois. The court is satisfied, however, that either party can easily bring to the district those documents that are not there already . . . . Therefore, this consideration neither militates for or against transfer.”).

The Court also agrees with Plaintiffs that litigating in this District is unlikely to impose a significant substantive burden on Defendants. *See Board of Trs., Sheet Metal Workers Nat'l Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1037 (7th Cir. 2000) (noting that “[e]asy air transportation, the rapid transmission of documents, and the abundance of law firms with nationwide practices, make it easy these days for cases to be litigated with little extra burden in any of the major metropolitan areas.”). In any event, it is not the purpose of a transfer of venue merely to shift inconvenience and expense from the moving party to the non-moving party. *See S.C. Johnson & Son, Inc. v. Buzz Off Insect Shield, LLC*, No. 05 C 1046, 2005 WL 1838512, at *4 (N.D. Ill. July 28, 2005); *IP Innovation L.L.C. v. Lexmark Int'l, Inc.*, 289 F. Supp. 2d 952, 955 (N.D. Ill. 2003); *Israel Travel Advisory Serv., Inc. v. Legacy Israel Tours, Inc.*, No. 94 C 1311, 1994 WL 319291, at *3 (N.D. Ill. June 23, 1994). Also, the Court is not inclined to place particular weight on the fact that a larger number of members of the proposed class likely reside in the Northern District of Illinois than reside in this District. This is not a factor the Court normally considers in evaluating the propriety of transfer and, absent some evidence that a large number of unnamed members of the proposed class will be called as witnesses at trial or otherwise desire to participate in these proceedings, the Court accords the number of class members residing in this District or the Northern District little significance. *See Brennan v. Midwestern United Life Ins. Co.*, 450 F.2d 999, 1005 (7th Cir. 1971) (noting that, because unnamed members of a class are “free ride[rs]” who are not expected to participate in representative litigation for their benefit, discovery

directed to such class members normally is inappropriate).

All of that having been said, the Court has substantial concerns about the availability of non-party witnesses to testify at trial. The Court does not refer, of course, to non-party employees of Kraft, whom the Court is entitled to assume the company will be able to produce as witnesses at trial. *See American Family Ins. v. Wal-Mart Stores, Inc.*, No. 02 C 8017, 2003 WL 1895390, at *2 (N.D. Ill. Apr. 17, 2003) ("As a practical matter, it is usually assumed that witnesses within the control of the parties will appear voluntarily."); *Peach Tree Bancard Corp. v. Peach Tree Bancard Network, Inc.*, 706 F. Supp. 639, 641 (N.D. Ill. 1989) ("Generally, where particular witnesses are within the control of a particular party, the witnesses likely will appear voluntarily. Such is the case when a party calls its employees as witnesses."); *Hotel Constructors, Inc.*, 543 F. Supp. at 1051-52 (noting that a plaintiff's "affiliates and consultants" are the sort of witnesses that can be expected to be produced by that party at trial). Rather, the Court is concerned about the third-party service providers to the Plan, whose transactions with the Plan, as has been discussed, are at the heart of this case. As Defendants point out, all of the service providers to the Plan are outside this District and outside the subpoena power of the Court as defined by Rule 45 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 45(b), (c)(3)(A)(ii).

"[T]he presence of potential nonparty witnesses outside the subpoena power of the court . . . weighs heavily in a transfer decision." *FUL Inc. v. Unified Sch. Dist. No. 204*, 839 F. Supp. 1307, 1312 (N.D. Ill. 1993) (citing *Sky Valley Ltd. P'ship v. ATX Sky Valley, Ltd.*, 776 F. Supp. 1271, 1277 (N.D. Ill. 1991)). *See also Stanley v. Marion*, No. 04 C 514, 2004 WL 1611074, at *4 (N.D. Ill. July 16, 2004) ("[T]ransfer may be justified where witnesses outside the district's subpoena power are likely to be unwilling to testify voluntarily."); *Marberg v.*

*Chancellor*, No. 93 C 6739, 1994 WL 48600, at *3 (N.D. Ill. Feb. 16, 1994) ("[P]resence of third-party witnesses outside the subpoena power of this district is a factor which heavily weighs in favor of transferring the case."). In evaluating the availability of compulsory process as a factor in a transfer under 28 U.S.C. § 1404, courts will first look to see whether the non-party witnesses reside within the subpoena power of either the transferor or transferee court. *See FUL Inc.*, 839 F. Supp. at 1312 (citing *Sky Valley Ltd. P'ship*, 776 F. Supp. at 1277). Next, courts look to the materiality of the testimony to be provided by the non-party witnesses, not merely the number of them. *See id*. (citing *Bally Mfg. Corp. v. Kane*, 698 F. Supp. 734, 738 (N.D. Ill. 1988)). The preference, of course, is for live testimony over deposition testimony. *See Marberg*, 1994 WL 48600, at *3 (citing *Sky Valley Ltd. P'ship*, 776 F. Supp. at 1277).

In this instance Defendants have produced uncontroverted evidence that none of the third-party service providers to the Plan are located in this District and that in fact half of those providers, including one of the largest, Hewitt Associates, LLC, are located in the Northern District of Illinois. *See* Doc. 23, Ex. C ¶¶ 17-20. The Court, as discussed, is willing to give some deference to Plaintiffs' choice of forum, but a nexus between this District and the transactions by the Plan with third-party service providers at the heart of this case essentially is non-existent. Given that none of those transactions occurred in this District, and none of the service providers are within the Court's subpoena power, the likelihood is extraordinarily high that at some point the Court's inability to compel the attendance of witnesses will prejudice Defendants in the presentation of their case. The Court is unwilling to set up a situation in which Defendants "cannot compel personal attendance [of witnesses at trial] and may be forced to try their case[ ] on deposition." *Merrill Iron & Steel, Inc. v. Yonkers Contracting Co.*, No. 05-C-104-S, 2005 WL 1181952, at *3 (W.D. Wis.

May 18, 2005) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 511 (1947)). *See also Mascias v. Thurman, ARA Trailblazer, Inc.*, No. 86 C 1093, 1986 WL 9181, at *3 (N.D. Ill. Aug. 18, 1986); *Cunningham v. Cunningham*, 477 F. Supp. 632, 635 (N.D. Ill. 1979). For the convenience of parties and witnesses and in the interest of justice, the Court will transfer this case to the Northern District of Illinois.

## Conclusion

Defendants' motion to dismiss, motion to strike, or, in the alternative, motion for a more definite statement (Doc. 20) is **DENIED**. Defendants' motion to transfer venue (Doc. 22) is **GRANTED**. Pursuant to 28 U.S.C. § 1404(a), this action is **TRANSFERRED** to the United States District Court for the Northern District of Illinois for all further proceedings. The Clerk of Court is **DIRECTED** to transmit the complete file in this case to the Clerk of the United States District Court for the Northern District of Illinois no sooner than March 27, 2007 and thereafter to close this Court's file in the case.[5]

**IT IS SO ORDERED.**

Signed this16th day of March, 2007.

/s/ David RHerndon
**United States District Judge**

---

5. As discussed, Plaintiffs have moved for certification of their claims as a class action under Rule 23 of the Federal Rules of Civil Procedure (Doc. 18). However, the motion is not ripe for decision and, in any event, the Court believes that the motion is most appropriately decided by the transferee court.